UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NICOLE ESPOSITO,** : | **CIVIL ACTION NO.** |
| **Plaintiff** : | |
| : | **3:21-cv-1149 (SRU)** |
| **v.** : | |
| : | |
| **BOARD OF REGENTS OF HIGHER** : | |
| **EDUCATION; CONNECTICUT STATE** : | |
| **COLLEGES AND UNIVERSITIES;** : | |
| **ROBERT STEINMETZ, in his individual** : | |
| **and official capacities;** : | |
| **ALICE PRITCHARD, in her individual** : | |
| **and official capacities; and** : | |
| **ANDREW KRIPP, in his individual** : | |
| **and official capacities.** : | |
| **Defendants** : | |
| : | **MARCH 10, 2022** |

**PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

  Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 7, Plaintiff Nicole Esposito moves the Court for a preliminary injunction against Defendants reversing the termination of Plaintiff's employment for cause, reinstating Plaintiff to her employment as Campus CEO at Manchester Community College ("MCC"), enjoining Defendants from taking any further retaliatory actions against Plaintiff, and also enjoining Defendants from retaliating against any individuals because they are identified as witnesses, or because they provide testimony or other assistance to Plaintiff in connection with her claims of discrimination or retaliation. Given the overwhelming evidence demonstrating that Defendants retaliated against Plaintiff and violated Plaintiff's federal constitutional and statutory rights, and the evidence supporting a finding of irreparable harm, this Court should also enjoin Defendants from hiring

**ORAL ARGUMENT IS REQUESTED; TESTIMONY IS REQUIRED**

someone else to fill the position of Campus CEO at Manchester Community College during the pendency of this motion. To that end, the Court should also immediately issue a show cause Order requiring Defendants to show cause why they should not be enjoined from hiring someone else as Campus CEO of MCC during the pendency of this motion, and also enjoined from retaliating against other persons who are identified as witnesses or engage in other protected activities opposing discrimination or retaliation.

As set forth in the accompanying memorandum of law, Plaintiff has satisfied the requirements for a preliminary injunction, including a likelihood of success on her retaliation claims, and irreparable harm. This is not a standard retaliation case involving merely a prima facie case of retaliation and disputed issues of material fact relating to issues of pretext – although Plaintiff offers robust evidence demonstrating every element of her claim as well as pretext. In this case, Plaintiff can also prove retaliation in violation of Plaintiff's federal constitutional and statutory rights through direct evidence, including admissions under oath by one of the decisionmakers and through the very documents that Defendants created to argue for Plaintiff's termination.

This case is not only unique because of the strength of the evidence demonstrating Plaintiff's likelihood of success on her constitutional and statutory retaliation claims. This case also presents unique circumstances and limiting factors demonstrating irreparable harm. In addition to the violation of Plaintiff's federal constitutional rights, Plaintiff can demonstrate irreparable harm based on evidence that: (1) fear of retaliation by Defendants "chilled" multiple CSCU employees from exercising their rights to oppose Defendants' acts of discrimination and retaliation while Plaintiff was challenging the intended termination of her employment through CSCU's due process procedures; and (2) Defendants terminated Plaintiff, for cause, from a high

ranking and incredibly unique position as a Campus CEO of a college and, absent immediate injunctive relief reversing the termination for cause and reinstating Plaintiff to her position as Campus CEO, Defendants are likely to fill this unique position with someone else -- thereby precluding reinstatement as a remedy at trial.  With a resume that includes a termination for cause after less than two years as Campus CEO, coupled with the extremely limited number of comparable positions in this geographic region and the already extremely competitive nature of recruitment for similar jobs as a college President or CEO, injunctive relief reversing the termination for cause and reinstating Plaintiff to her position is likely necessary to preserve Plaintiff's career.  If Plaintiff's career as a college President or CEO is destroyed before she is even forty years of age, no award of money at trial can adequately compensate Plaintiff for that loss.

Under Local Rule 7(a)(6), there is good cause for the expedited consideration of this emergency motion.  Plaintiff is seeking reinstatement to her former position as Campus CEO at MCC.  Plaintiff's counsel requested that Defendants agree to not fill the position of Campus CEO at MCC with someone else during the pendency of this motion, but Defendants' counsel could not agree to Plaintiff's request.  Expedited consideration of this motion is necessary so that there is still an opportunity for the Court to reinstate Plaintiff to her former position as Campus CEO at MCC before Defendants hire someone else for the position.

Good cause also exists for the expedited consideration of this motion because Defendants' retaliation against Plaintiff has already chilled material witnesses in this case from exercising their rights to provide evidence during the due process procedures that CSCU afforded to Plaintiff.  An expedited Order from the Court is necessary to make clear that Defendants are enjoined from retaliating against any individual who is identified as a witness or

who provides assistance or evidence in support of Plaintiff's claims of discrimination or retaliation, and to ensure that the "chilling" effect does not persist in these federal court proceedings in ways that further prejudice Plaintiff and interfere with the effective enforcement of federal law.  Plaintiff's counsel requested that Defendants stipulate and consent to an Order from the Court making clear that Defendants are prohibited from retaliating against any individual because they are identified as a witness, or because they provide evidence or testimony, or because they provide other assistance to Plaintiff, in connection with her claims of discrimination or retaliation, but Defendants refused to consent.

Good cause also exists for the expedited consideration of this motion because Defendants plainly retaliated against Plaintiff in violation of her constitutional and statutory rights when they suspended Plaintiff from her position and terminated Plaintiff's employment for cause.  While the final termination of Plaintiff's employment occurred more recently, Defendants removed Plaintiff from her position as Campus CEO unlawfully on August 24, 2021, more than six months ago.  The Court should adjudicate this motion on an expedited basis so that the obvious violation of Plaintiff's federal rights is remedied as soon as possible.

WHEREFORE, for the foregoing reasons, and the reasons set forth in the accompanying memorandum of law and supporting exhibits, Plaintiff moves the Court for emergency relief under Local Rule 7(a)(6) and a preliminary injunction under Rule 65 ordering the following injunctive and equitable relief:

(1) Defendants immediately reverse the termination of Plaintiff's employment as Campus CEO for cause;

(2) Defendants immediately reinstate Plaintiff to her former position as Campus CEO at Manchester Community College, with full back pay and restoration of benefits;

(3) Defendants are enjoined from taking any further retaliatory actions against Plaintiff;

(4) Defendants are enjoined from retaliating against any individual because they are identified as a witness in this case, or because they provide testimony, evidence, or other assistance to Plaintiff in connection with her claims of discrimination or retaliation.

Further, the Court should issue an immediate show cause Order requiring that Defendants:

(5) Show cause why the Court should not immediately enjoin Defendants from hiring another person as the Campus CEO at Manchester Community College during the pendency of this motion; and

(6) Show cause why the Court should not immediately issue an order enjoining Defendants from retaliating against any person because they are identified as a witness in this case, or because they offer testimony, evidence, or other assistance to Plaintiff in connection with Plaintiff's claims of discrimination or retaliation.

PLAINTIFF,
NICOLE ESPOSITO

By:____/s/Todd Steigman_____
Todd Steigman (ct26875)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466
Fax: (860) 246-1794
tsteigman@mppjustice.com

## CERTIFICATION OF SERVICE

      I hereby certify that on March 10, 2022 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      */s/ Todd Steigman*